IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JEFFREY L. MCBRIDE | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv106 |
| WARDEN FCI BEAUMONT LOW | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Jeffrey L. McBride, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges a prison disciplinary conviction. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The respondent has filed a motion to dismiss or, in the alternative, motion for summary judgment. As the respondent has presented evidence outside the pleadings, the filing will be considered as a motion for summary judgment. FED. R. CIV. P. 12(d). Petitioner has filed a response. The motion is therefore ripe for consideration.

Factual Background

Petitioner's assigned cubicle was searched on April 28, 2020. A black cell phone charger was discovered in a hidden compartment in a locker and a white LG phone charger was found in a laundry bag. Incident report No. 33933400 was written against petitioner by William Lentz-Chaires. Petitioner was charged with possessing a hazardous tool. He received a copy of the incident report on April 29, 2020. The incident report stated:

> On 4/28/00 at approximately 1800 hours, I conducted a search of cubicle 17 in T/A Unit. During the search I discovered a hidden compartment, located on the top of the locker, inside the compartment was a black cell phone charger. I continued searching the cubicle and located a white LG cell phone charger, hidden inside a laundry bag full of clothing items. The laundry bag was located in the common area of the cubicle. Inmate Hernandez, Daniel, and inmate McBride, Jeffrey, are assigned to cubicle 17 in T/A according to the BOP Sentry Roster.

On May 18, 2020, a discipline hearing officer ("DHO") conducted a hearing. At the conclusion of the hearing, petitioner was found guilty of conduct disrupting or interfering with the security or orderly running of the institution, most like possessing a hazardous tool. As a result of the conviction, petitioner received the following punishment: (a) loss of email privileges for 30 days; (b) loss of commissary privileges for 30 days; and (c) disallowance of 41 days of good conduct time. After reciting the charging officer's statement in the incident report, the DHO stated:

> Inmate's statement: "It is not my cell phone, please ask my cellie. I did not have anything to do with a cell phone. I was asked to go outside and they searched the room and found a cell phone. I don't know what he have and it was not mine."

> Based on these on these facts, the DHO is convinced that inmate McBride, Jeffery, did commit the prohibited act of possession of a cellular phone charger in violation of code 199 [most like] 108. The DHO based her decision on evidence provided such as picture of [the] charger found in the housing area that you share with inmate [Hernandez]. Although you did not claim responsibility for the cell phone, as DHO mentioned, you are responsible for your housing area. The contraband was found in a common area and your cell mate refused to cooperate during his hearing and take responsibility for the black cell phone charger. The DHO also took into consideration your written statement, however again, your cell [mate] Mr. Hernandez who was also your witness refused to speak regarding the contraband. Possession of a cell phone in a correctional environment is not tolerated."

<u>Ground for Review</u>

Petitioner asserts there was insufficient evidence to support the disciplinary conviction. In addition, in a response to a motion for summary judgment filed by the respondent, petitioner asserts

he was denied due process because he did not receive an amended incident report notifying him of the offense he was convicted of committing.

Standard of Review

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable [finder of fact] could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

On summary judgment, "[t]he moving party has the burden of proving there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003). If the moving party meets this burden, "the non-moving party must show that summary judgment is appropriate by setting forth specific facts showing the existence of a genuine issue concerning every essential component of its case." *Id.* at 247. The non-movant's burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Willis v. Roche Biomedical Labs, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995)

As summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989). Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the non-

moving party, no reasonable finder of fact could return a verdict for that party. *Rubenstein v. Administrators of the Tulane Educ. Fund*, 218 F.3d 392, 399 (5th Cir. 2000).

Analysis

Prison inmates who lose previously earned good conduct time credits as a result of prison disciplinary convictions are entitled to certain due process rights under the Fourteenth Amendment. A prisoner is entitled to the following: (1) written notice of the charges brought against him at least 24 hours before the hearing; (2) a written statement of the fact-finder as to the evidence relied on and the reason for the disciplinary action and (3) the opportunity to call witnesses and present documentary evidence in his defense. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *Morgan v. Quarterman*, 570 F.3d 663, 668 (5th Cir. 2009).

In addition, there must have been "some evidence" to support the petitioner's conviction. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445 (1983). The result of a prison disciplinary proceeding will be overturned by a federal court "only where there is no evidence whatsoever to support the decision of the prison officials." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994).

"Ascertaining whether this standard is satisfied does not require an examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the hearing officer." *Hill*, 472 U.S. at 455-56. "Federal Courts will not review the sufficiency of the evidence at a disciplinary of hearing; a finding of guilt requires only the support of 'some facts or 'any evidence at all.'" *Gibbs v. King*, 779 F.2d 1040, 1044 (5thCir. 1986) (citation omitted). "Determining the believability of the testimonies presented at the hearing

is left to the discretion of the hearing officer." *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). The information provided in a written incident report, standing alone, can satisfy the "some evidence" standard. *Id.* at 536-37 (citing *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (information contained in a conduct report is alone "some evidence" of guilt.).

Petitioner asserts there was insufficient evidence to support the disciplinary conviction. He states the phone charges belonged to his cell mate, Mr. Hernandez, and that he should not be held responsible for his cell mate's conduct. Petitioner has submitted an affidavit in which Mr. Hernandez states he is solely responsible for the phone chargers. Petitioner asserts there was no evidence linking him to either phone charger. He states there was no evidence to place the laundry bag near his locker, bed or portion of the cubicle. Petitioner argues that as there are no doors in his housing unit, 120 inmates had access to his cubicle each day.

Petitioner's disciplinary conviction was based on the theory that he constructively possessed a cell phone charger. A person is deemed to have constructive possession of contraband if he knowingly has ownership, dominion, or control over the contraband or over the premises in which the contraband is located. *United States v. Fambro*, 526 F.3d 836, 2008 WL 1914318 (5th Cir. May 2, 2008). In the prison disciplinary context, constructive possession provides sufficient evidence of guilt if relatively few inmates have access to the area where the contraband was found. *McClung v. Hollingsworth*, 2007 WL 1225946, at *3 (4th Cir. Apr. 26, 2007) (contraband found in cell that was the exclusive domain of the petitioner and his cell mate); *Santiago v. Nash*, 224 F. App'x 175, 177 (3rd Cir. 2007) (contraband found taped to inmate's bed was sufficient evidence where only a small number of inmates were potentially guilty of the offense charged); *Hamilton v. O'Leary*, 976 F. 2d 341, 345 (7th Cir. 1992) (constructive possession provides some evidence of guilt where only

5

two inmates have access to the contraband). Conversely, in some situations constructive possession is not some evidence of guilt if more than a few inmates have access to the contraband. In *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001), the United States Court of Appeals for the Fifth Circuit found that the evidence was insufficient where the contraband was found in the area of the kitchen where the inmate worked, but to which 100 other inmates had access.

In this case, the offense report stated cell phone chargers were found in a locker and in a laundry bag in petitioner's cubicle. As a result, this case is similar to *Flannagan v. Tamez*, 368 F. App'x 586 (5th Cir. 2010). In *Flannagan*, a cell phone and charger were found in a concealed hole in the wall next to a bed assigned to the petitioner and another inmate. The petitioner further contended that his prison unit was a low-security facility, meaning any of the inmates assigned to the facility could have entered into his living space, which was unlocked. The Fifth Circuit found this case distinguishable from *Broussard*. In contrast to *Broussard*, where the contraband was found in an area where the petitioner worked, in *Flannagan*, the contraband was found in the petitioner's living space. The Fifth Circuit found that the work space/living space distinction placed the case outside the court's reasoning in *Broussard*, stating that the plausible common access did not preclude the conclusion that the petitioner had constructive possession of the contraband. *Flannagan*, 368 F. App'x at 588, n.6.

Based on the authorities cited above, there was some evidence to support the finding that petitioner had constructive possession of a cell phone charger. While the charger was found in an area to which more than a few inmates had access, the charger was found in petitioner's living space, where he would have exercised greater dominion and control, rather than in the area where he worked. Further, while petitioner has submitted an affidavit in which Mr. Hernandez takes

responsibility for the charger, Mr. Hernandez was unwilling to make a similar statement before the SHO. There was sufficient evidence to support a conviction based on a theory of constructive possession.

As indicated above, while petitioner was originally charged with possessing a hazardous tool, in violation of code 108. He was ultimately convicted of conduct disrupting or interfering with the security or orderly running of the institution, in violation of code 199, most like possessing a hazardous tool. In his reply to the motion for summary judgment, petitioner states he was denied due process because he was not provided with a copy of an amended incident report and therefore did not have 24 hours notice of the offense he was eventually convicted of committing. The record does not indicate petitioner received a copy of an amended incident report or that an amended incident report was ever written.

The purpose of the 24 hour notice requirement is to inform an inmate of the charges and to enable him to marshal the facts and prepare a defense. *Mendoza v. Dobre*, 102 F. App'x 850, 850-51 (5th Cir. 2004) (citing *Wolff*, 418 U.S. at 564). As explained below, the original incident report fulfilled this purpose.

This case is similar to *Hastings v. Dixon*, 202 F. App'x 750 (5th Cir. 2006). In *Hastings*, the petitioner was originally charged with possession of gambling paraphernalia, but was ultimately convicted of possession of anything not authorized. The Fifth Circuit concluded petitioner was not denied adequate notice of the charge because both of the charges were based on the same facts and subject to the same defense. As a result, the original notice adequately informed the petitioner of the charge he was ultimately convicted of and enabled him to marshal the fact and prepare a defense.

Here, as in *Dixon*, the original charge and the offense petitioner was convicted of committing were based on the same facts and subject to the same defense. Accordingly, the original notice adequately informed petitioner of the offense he was convicted of and enabled him to marshal the facts and prepare a defense. Petitioner has therefore failed to demonstrate he was denied due process.

For the reasons set forth above, there is no genuine issue of material fact and the respondent is entitled to judgment as a matter of law. The motion for summary judgment should therefore be granted.

## Recommendation

The motion for summary judgment (doc. no. 4) should be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, (5th Cir. 1996) (*en banc*).

SIGNED this 2nd day of February, 2023.

_____
Zack Hawthorn
United States Magistrate Judge