**UNITED STATES DISTRICT COURT**          **EASTERN DISTRICT OF TEXAS**

JEFFREY L. MCBRIDE,                          §
                                             §
      Petitioner,                         §
                                             §
*versus*                                     §   CIVIL ACTION NO. 1:21-CV-106
                                             §
WARDEN, FCI BEAUMONT LOW,                    §
                                             §
      Respondent.                        §

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jeffrey L. McBride, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court.  The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that a motion for summary judgment filed by the respondent be granted.

The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence.  Petitioner filed objections to the Report and Recommendation.  The court must therefore conduct a *de novo* review of the objections in light of the pleadings and the applicable law.

Petitioner was convicted of the disciplinary offense of possessing a cellular phone charger in violation of code 199, most like code 108.  The conviction was based on the theory of constructive possession as the charger was found in a housing area petitioner shared with one other inmate.  The charger was not found in petitioner's possession.

The phone charger was found in petitioner's cellmate's laundry bag, which was under the cellmate's bed.  In his objections, petitioner correctly states there is no direct linkage between him and the charger.  However, a direct linkage is relevant only when a conviction is based on a theory of actual possession. *United States v. Munoz*, 150 F.3d 401, 416 (5th Cir. 1998).  In contrast,

constructive possession applies when an accused has ownership, dominion or control over a thing, or control over the premises when the thing is found.  *Id*.

Petitioner does not dispute having access to his cellmate's laundry bag.  Further, the charger was found in a cell to which only petitioner and his cellmate were assigned.  As the magistrate judge stated, *Flannagan v. Tamez*, 368 F. App'x 586 (5th Cir. 2010), where a disciplinary conviction was upheld based on contraband found in a hole concealed in the wall next to a bed assigned to petitioner and another inmate, supports the conclusion that there was sufficient evidence to show petitioner had constructive possession of the charger.

A prison disciplinary conviction will be overturned only where there is no evidence whatsoever to support a finding of guilt.  *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994). Based on the evidence, a finding of not guilty could have been defended.  However, this court may not substitute its judgment for that of the hearing officer.  Under a theory of constructive possession, there was some evidence to support the disciplinary conviction.

## ORDER

Accordingly, petitioner's objections (#15) are **OVERRULED.**  The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge (#12) is **ADOPTED**.  The motion for summary judgment (#4) is **GRANTED**.  A final judgment shall be entered dismissing the petition.

SIGNED at Beaumont, Texas, this 9th day of March, 2023.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE